**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

In re:

COLLINS & AIKMAN CORP. et al,   Case No. 07-13246
                                Hon. Gerald E. Rosen
    Debtors.
_____/

GROSSMAN TUCKER PERREAULT &
PFLEGER, LLC,
                                Bankr. Case No. 05-55927
    Plaintiff/Appellant,        Chapter 11

v.                              Hon. Steven W. Rhodes

COLLINS & AIKMAN CORP. et al,

    Defendants/Appellees.
_____/

**OPINION AND ORDER AFFIRMING BANKRUPTCY COURT'S ORDER
GRANTING THE DEBTORS' NINTH OMNIBUS OBJECTION TO CLAIMS**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on    September 30, 2008

PRESENT:  Honorable Gerald E. Rosen
                   United States District Judge

In the present appeal, Plaintiff/Appellant Grossman Tucker Perreault & Pfleger, LLC ("Grossman Tucker") challenges an order by the Bankruptcy Court sustaining the Debtors' Ninth Omnibus Objection to Claims and reclassifying Grossman Tucker's secured claims as pre-petition general unsecured claims. In so ruling, the Bankruptcy Court found that section 311:13 of the New Hampshire Revised Statutes Annotated – *Lien on Verdict* – does not grant an attorney a lien on the client's intellectual property and patent rights that resulted from legal services performed and expenses incurred by the

1

attorney. In the absence of direct authority on this question from a New Hampshire court, the Bankruptcy Court adopted the reasoning outlined in Ropes & Gray, LLP v. Jalbert (In re Engage, Inc.) 330 B.R. 5 (D. Mass. 2005), where the district court interpreted an analogous "charging lien" statute as precluding an attorney from claiming a lien on intellectual property rights secured on behalf of a client. Grossman Tucker argues that the Massachusetts statute at issue in In re Engage, Inc. is more limiting on its face than the New Hampshire statute and that the Court should therefore decline to follow the reasoning in that decision.[1] This Court reviews the Bankruptcy Court's conclusions of law *de novo*.

---

[1] In addition to its appeal from the Bankruptcy Court, Grossman Tucker moves for certification of the state law question to the Supreme Court of the State of New Hampshire. Specifically, the firm seeks to have the following question certified:

> Whether New Hampshire Revised Statutes Annotated 311:13 grants an attorney a lien on a client's intellectual property and patent rights that resulted from the legal services performed and expenses incurred by the attorney?

As discussed below, this issue can be resolved through application of statutory interpretation and analysis of analogous case law from both New Hampshire and other jurisdictions. Even if there is no clear guidance from the state court, certification is "neither mandated, nor always necessary." Brown v. Argosy Gaming Co., L.P., 384 F.3d 413, 417 (7th Cir. 2004). The decision is wholly within the discretion of the district Court. Lehman Bros. v. Schein, 416 U.S. 386, 391 (1974).

Although there is no New Hampshire state court decision squarely addressing this issue, the New Hampshire courts have interpreted section 311:13 in other contexts. See, e.g., Dubois v. Snow (In re Dubois), 2004 BNH 004, 2004 WL 343984 (Bankr. D.N.H. Feb. 11, 2004) (the charging lien created by section 311:13 is a statutory lien, not a judicial lien that may be avoided in bankruptcy); Taylor-Boren v. Isaac, 723 A.2d 577, 580 (N.H. 1998) (section 311:13 deviates from the common law in that it provides priority to an attorney's fees for efforts in securing a judgment or settlement for the client); Fleet Bank v. Chain Construction Corp., 635 A.2d 1348 (N.H. 1993) (section 311:13 does not apply in the absence of an attorney-client relationship). Although certification is generally appropriate where a federal court cannot, on available materials, make a confident guess as to how the state's highest court would construe the statute, Clay v. Sun Ins. Office Ltd., 363 U.S. 207 (1960), it is not appropriate where "the course

2

Having reviewed the parties' submissions and the record as a whole, the Court now is prepared to decide this appeal. For the reasons set forth below, the Court agrees with the Bankruptcy Court that the New Hampshire statute does not grant an attorney a lien on intellectual property rights secured on behalf of the client; therefore Grossman Tucker is allowed an unsecured claim only. The Bankruptcy Court's order must be affirmed and the motion to certify the question to the New Hampshire Supreme Court is denied.

## **FACTUAL AND PROCEDURAL BACKGROUND**

The parties agree that the facts in this case are not in dispute. Debtors Collins & Aikman Corp. et al, ("the Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on May 17, 2005. This appeal is from the Bankruptcy Court's order sustaining the Debtors' objection to Grossman Tucker's claim. The New Hampshire-based law firm of Grossman Tucker Perreault & Pfleger, LLC specializes in providing intellectual property services, including trademarks, patents, and copyright. The Debtors retained Grossman Tucker for legal services in pursuing and protecting various patent and intellectual property rights prior to the commencement of the underlying bankruptcy action.

Grossman Tucker filed a timely Proof of Claim on August 5, 2005, asserting a secured claim in the amount of $313,960.00 for pre-petition legal services rendered by

---

the state courts would take is reasonably clear." <u>Marbucco Corp. v. Suffolk Const. Co., Inc.</u>, 165 F.3d 103, 105 (1st Cir. 1999). Finally, there is a presumption in bankruptcy proceedings that all matters related to the debtors' bankruptcy should be resolved in the debtors' "home" court. <u>See, e.g.</u>, <u>DVI Fin. Servs., Inv. V. Cardiovascular Labs, Inc.</u>, No. 03-1257, 2004 WL 727105, *2 (Bankr. E.D. Pa. Mar. 18, 2004). For these reasons, the motion by Grossman Tucker for an order certifying this question to the Supreme Court of New Hampshire is denied.

the law firm to represent the Debtors in various patent application and prosecution proceedings before the United States Patent and Trademark Office as well as international patent offices.[2] The law firm invoked section 311:13 of the New Hampshire Revised Statutes to assert a lien on those intellectual property rights in the underlying bankruptcy action.

On January 9, 2007, Debtors filed the Ninth Omnibus Objection, requesting that the Court reclassify various secured claims as general unsecured claims for failure to show secured status under any subsection of section 506 of the Bankruptcy Code. This Objection included the Grossman Tucker claim, which the Debtors' alleged showed "no evidence of collateral." The Bankruptcy Court sustained Debtors' Objection on July 19, 2007, and on July 23, the Court entered an order reclassifying Grossman Tucker's claim as unsecured. On August 2, 2007, Grossman Tucker filed notice of appeal and on September 10, the firm filed a Motion to Certify Question of State Law to the New Hampshire Supreme Court.

## ANALYSIS

**A.     The Scope of Section 311:13**

The parties agree that New Hampshire law governs this dispute. Grossman Tucker claims that its outstanding legal fees are entitled to secured status based on New Hampshire's "charging lien" statute, which provides, in relevant part:

> From the commencement of an action, bill in equity or other proceeding in any court, the filing of a counterclaim or plea in set-off or recoupment, or appearance in any proceeding before any state or federal department, board, or commission, the attorney who appears for a client in such proceeding shall have a lien for reasonable fees and expenses upon the

---

[2] Grossman Tucker later amended the amount of the claim to $295,638.67.

> client's cause of action, upon the judgment decree or other order in the client's favor entered or made in such proceeding, and upon the proceeds derived therefrom.

N.H. Rev. Stat. Ann. § 311:13. The question in this case is whether this statute grants an attorney a charging lien in the patents and other intellectual property rights held by the client as a result of the legal services provided and expenses incurred by the attorney.

### 1.     Patent prosecution work falls under the scope of 311:13.

In order to determine whether New Hampshire's charging lien statute permits attorneys to claim a lien on patents or intellectual property rights, it is first necessary to establish whether the patent applications or patent prosecution actions qualify as the type of action listed in the first clause of the statute: namely, "an action, bill in equity or other proceeding in any court, the filing of a counterclaim or plea in set-off or recoupment, or appearance in any proceeding before any state or federal department, board, or commission."

The language of the statute's first phrase is plainly meant to encompass a broad range of types of proceedings. Prior to its enactment in 1963, prevailing common law dictated that "an attorney in New Hampshire could only obtain a lien for an attorney's fee to the taxable amount of $1.00." United States v. Kamieniecki, 261 F. Supp. 683, 690 (D.N.H. 1966) (citing Peterson v. John J. Reilly, Inc., 200 A.2d 21 (N.H. 1964)). The statute is in no way intended to reflect New Hampshire law as it existed prior to the adoption of the statute. Peterson v. John J. Reilly, Inc., 259 A.2d 393, 396 (N.H. 1969). Rather, the statute affords priority to an attorney's fees for efforts in securing a judgment or settlement for a client; it also enables trial courts to "determine and enforce" the scope of the attorney's fee lien in an equitable proceeding. Taylor-Boren v. Isaac, 723 A.2d 577, 580 (N.H. 1998). The statute by its terms allows liens not only in situations when

attorneys represent their clients in court actions, both at law and in equity, but also in proceedings before government departments, boards or commissions.

Generally, "proceeding" encompasses not just cases before a court, but also adjudicatory processes in different forums. See Black's Law Dictionary (8th ed. 2004) (A "proceeding" is "[a]ny procedural means for seeking redress from a tribunal or agency."). In Schroeder, Siegfried, Ryan & Vidas v. Modern Electronic Products, Inc., 295 N.W.2d 514 (Minn. 1980), the Supreme Court of Minnesota concluded that the term "proceeding" in that state's charging lien statute included patent applications, citing the Eighth Circuit's description of the common meaning of the term:

> "Proceeding" is a comprehensive term meaning the action of proceeding -- a particular step or series of steps, adopted for accomplishing something. This is the dictionary definition as well as the meaning of the term in common parlance. Proceedings before a governmental department or agency simply mean proceeding in the manner and form prescribed for conducting business before the department or agency, including all steps and stages in such an action from its inception to its conclusion.

Id. at 516 (quoting Rice v. United States, 356 F.2d 709, 712 (8th Cir. 1966)). Similarly, in In re Engage, Inc., the court agreed that the Massachusetts statute logically extended the lien to administrative agency proceedings. 330 B.R. at 16.

Given these persuasive readings, "proceeding" in the first clause of the New Hampshire lien statute is sufficiently broad to encompass patent applications and prosecution actions before the United States Patent and Trademarks Office, itself a federal agency of the Department of Commerce. However, reaching this conclusion does

not end the analysis of whether the intellectual property rights themselves are entitled to an attorney's lien.[3]

### 2. Patent Application and Prosecution Actions Do Not Yield the Type of "Judgment, Decree or Other Order" Contemplated by Section 311:13.

The second clause of 311:13 delineates the range of terminal events upon which a lien may attach, namely: "upon the client's cause of action, upon the judgment decree or other order in the client's favor entered or made in such proceeding, and upon the proceeds derived therefrom." The Bankruptcy Court below relied on the reasoning of In re Engage, Inc., which held that a law firm did not have a lien on the "proceeds of [the] patents, applications and patent prosecution actions" pursuant to the Massachusetts charging lien statute, "because patent prosecution actions in the USPTO, by definition, cannot yield the sort of 'judgment, decree or order' required for such a lien to be perfected." In re Engage, Inc., 330 B.R. at 16. In the absence of state court decisions that squarely address this aspect of section 311:13, this Court proceeds on the basis of well-developed case law interpreting analogous charging lien statutes, as well as other New Hampshire decisions addressing the scope of the statute more generally.

---

[3] In addressing the first clause of the statute, Grossman Tucker engages in a lengthy discussion of New Hampshire state law, which does not consolidate actions in equity and actions in law. For the most part, this discussion appears aimed at distinguishing the Massachusetts statute at issue in In re Engage, Inc., which does not list "bills in equity" or "pleas in set-off or recoupment," from section 311:13, which does list a longer set of actions upon which liens may attach. For purposes of section 311:13 analysis, this distinguishing characteristic of New Hampshire law is not dispositive of the statute's scope. Rather it only indicates that the list of various actions in the first clause of section 311:13 encompasses proceedings that may yield equitable relief. This alone does not justify a finding that the New Hampshire legislature intended for intellectual property rights to fall within the scope of the statute. An analysis of the statute's second prong—namely whether the lien attaches to a client's cause of action, judgment decree or other order—is necessary to establish whether Grossman Tucker's attorney's lien is justified by the full language of the statute.

7

In interpreting a charging lien statute with nearly identical language as section 311:13,[4] the district court in In re Engage, Inc. held that in addition to satisfying the first prong of the statute, an attorney must make a showing of three additional factors: "(1) the attorney's fees must be reasonable; (2) the judgment, decree or other order must have [been] entered in connection with the attorney's representation of the client; and (3) the judgment must have been in the client's favor." 330 B.N. at 15. The first factor and third factor are not disputed here.[5] With respect to the second factor, the U.S. District Court for the District of New Hampshire and the United States Bankruptcy Court for the District of New Hampshire have both narrowly interpreted section 311:13 to encompass only liens that have been perfected—that is, a judgment, decree or order is entered when all legal steps necessary to establish the lien have been taken. See United States v. Kamieniecki, 261 F. Supp. 683 (D.N.H. 1966); Dubois v. Snow (In re Dubois), 2004 BNH 004, 2004 WL 343984 (Bankr. D.N.H. Feb. 11, 2004). In Kamieniecki, the court

---

[4] The Massachusetts charging lien statute reads, in relevant part:

> From the authorized commencement of an action, counterclaim or other proceeding in any court, or appearance in any proceeding before any state or federal department, board or commission, the attorney who appears for a client in such proceeding shall have a lien for his reasonable fees and expenses upon his client's cause of action, counterclaim or claim, upon the judgment, decree or other order in his client's favor entered or made in such proceeding, and upon the proceeds derived therefrom.

Mass. Gen. Laws ch. 221, § 50.

[5] The Supreme Court of New Hampshire has ruled explicitly with respect to both these factors. In Taylor-Boren v. Isaac, 723 A.2d 577, 580 (N.H. 1998), the court reviewed the trial court's analysis of contested attorney fees, demanding a greater level of detail for a law firm's claimed expenses. In Fleet Bank v. Chain Construction Corp., 635 A.2d 1348 (N.H. 1993), the court affirmed the need for a direct link between client and settlement by holding that because a settlement was made in favor of the client's creditor rather than in favor of the client directly, the attorney did not have a lien on any settlement assets under section 311:13.

held that "a state lien is 'perfected in the sense that there is nothing more to be done to have a choate lien when the identity of the lienor, the property subject to the lien, and the *amount of the lien are established.*'" United States v. Kamieniecki, 261 F. Supp. 683, 690 (D.N.H. 1966) (quoting United States v. City New Britain, 347 U.S. 81 (1954)) (emphasis in the original). In In re Dubois, the court held that section 311:13 clearly created a statutory lien arising "solely under the statute based upon the occurrence of specified conditions or circumstances"; although a lien may be determined or enforced by a court, the statute does not authorize the court to create the lien itself. See In re Dubois, 2004 WL 343984, at *2.

In the context of a patent application proceeding, issuance of a patent alone does not fulfill these basic requirements, nor does it fit within the narrow interpretation apparently favored by the New Hampshire courts. The parameters and amount of the lien on a patent is by its very nature undetermined, unlike a judgment or decree in a client's favor. A patent does not protect a right to sell an invention nor set the value of the property interest at a particular amount. Instead, a patent gives the patent holder "the right to exclude others from making, using, offering for sale, or selling the invention throughout the United States." 35 U.S.C. § 154(a)(1); see also McCoy v. Mitsuboshi Cutlery, Inc., 67 F.3d 917 (Fed. Cir. 1995). The bankruptcy court in In re Engage, Inc. concluded:

> A patent does not order anyone to do anything or pay any money. Even if a patent could be deemed an order, however, the proceeds derived from its sale do not stem from the actual order of the Patent Office, but rather from the sale of the underlying intellectual property protected by the patent. Since allowance of the applications did not itself require or trigger the payment of any money and no judgment, decree or other order entered in connection with Ropes' representation, it thus follows that no charging lien attached.

9

315 B.R. 208, 214 (Bankr. D. Mass. 2004). This Court does not dispute that a patent issued by the United States Patent and Trademark Office or a foreign patent authority is a grant of a property right to the inventor, see, e.g., Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd., 535 U.S. 722, 122 S.Ct. 1831 (2002); James v. Campbell, 104 U.S. 356 (1881), nor that this right is valuable. However, the fact that a patent prosecution action may yield a right to pursue various monetary or equitable remedies against patent infringers does not establish that an issuance of a patent is itself a judgment, decree or order. Had the New Hampshire legislature intended the lien to attach to property rights, the language of the statute would have explicitly included such property interests. See, e.g., Schroeder, 295 N.W.2d at 516 (holding that a Minnesota charging lien statute that permitted attorney's lien to attach "upon the interest of his client in any money or property involved in or affected by any proceeding in which he may have been employed" included patent and intellectual property rights); Hedman, Gibson & Costigan, P.C. v. Tri-Tech Systems International, Inc., No. 92-2657, 1994 WL 18536, at *11-13 (S.D.N.Y. Jan. 14, 1994) (holding that the New York charging lien statute that permitted attorney's liens to attach to "a verdict, report, determination, decision, judgment or final order in his client's favor, and the proceeds thereof in whatever hands they may come" included patent and intellectual property rights). Cf. Consolidated Const. Services, Inc. v. Simpson, 813 A.2d 260 (Md. 2002) (holding that a Maryland charging lien statute which provided that an attorney has a lien on a "judgment or award that a client receives" does not grant an attorney a lien on funds generated by a pretrial settlement agreement, since the plain language of the statute does not include "settlement" or "settlement funds"). Section 311:13 does not include a clause extending

an attorney's lien to "any money or property involved," or to any "report, determination, [or] decision." As such, this Court cannot enforce a lien that is not rooted in a judgment, decree or other order as mandated by the plain language of the statute.

This reading of section 311.13 limits an attorney's lien in a narrow set of proceedings that yield determinations that do not rise to the level of a judgment, decree or order; it does not eliminate the application of the charging lien to equitable remedies across the board. For the foregoing reasons, this Court concludes that patent application and patent prosecution actions do not yield the sort of "judgment decree or other order" required under section 311:13 to perfect an attorney's lien.

> **3. Even If Patent Application Proceedings Yielded a Judgment, Decree or Other Order Under Section 311:14, the Profits Derived Therefrom Do Not Constitute "Proceeds Derived Therefrom."**

Finally, even if patent proceedings yield an outcome that qualifies as a "judgment decree or other order," the final inquiry is whether the resulting patent and intellectual property rights may nevertheless constitute as "the proceeds derived therefrom." Grossman Tucker suggests that licenses to use patented concepts constitute "proceeds derived" from the "decree" issuing the patent. This Court declines to take this logical leap, since issuance of a patent alone neither triggers the payment of any money nor causes a judgment, decree or order to be entered in connection with the representation. See In re Engage, Inc., 315 B.R. at 214; see also Billingham v. Wynn & Wynn, P.C. (In re Rothwell), 159 B.R. 374, 380 (Bankr. D. Mass. 1993) ("[F]or an attorney's lien to be enforceable, a condition subsequent must occur, namely the entry of a judgment or other decree in the client's favor to which the lien can attach").

In order to support Grossman Tucker's claim, "upon the proceeds derived therefrom" must be read as modifying both of the anteceding phrases, "judgment decree

11

or other order" and "client's cause of action," such that if the issuance of a patent alone does not qualify as a judgment or decree, a lien on the proceeds of the underlying action is nevertheless warranted. As the court pointed out in In re Engage, Inc., "[s]uch an interpretive undertaking is supported neither by precedent nor by logic." 330 B.R. at 18. Given the syntax of section 311:13, it is clear that "upon the proceeds derived therefrom" modifies the immediately preceding phrase only, rather than the preceding two phrases. The "proceeds" relate back to the "judgment decree or other order."

Finally, in order to benefit from the "proceeds" of a patent or other intellectual property rights, the court would either have to order a judicial sale of the rights or impose a settlement with terms setting aside a certain subset of license revenue or royalties for attorney's fees. See, e.g. In re Fitterer Engineering Associates, Inc., 27 B.R. 878, 881 (Bankr. E.D. Mich. 1983). The plain language of the statute does not require the court to take this extra step in order to permit an attorney's lien to attach. That is, the proceeds derived from the sale of such a patent or the Debtors' underlying intellectual property rights do not stem from the independent "decree" of the Patent Office.

## **CONCLUSION**

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that the Bankruptcy Court's order granting the Debtors' ninth omnibus objection to claims is AFFIRMED. IT IS FURTHER ORDERED that the motion to certify a question of law to the Supreme Court for the State of New Hampshire (docket #4) is denied.

                                                s/Gerald E. Rosen
                                                Gerald E. Rosen
                                                United States District Judge

Dated: September 30, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 30, 2008, by electronic and/or ordinary mail.

                                                s/LaShawn R. Saulsberry
                                                Case Manager